## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOBBI ANN WHITEHOUSE,<br><br>       Plaintiff,<br><br>v.<br><br>TARGET CORPORATION d/b/a THE<br>TARGET STORE, et al.,<br><br>       Defendants. | Civil Action No.: 10-1078 (JLL)<br><br>**OPINION** |

This matter comes before the Court by way of Plaintiff Bobbi Ann Whitehouse ("Plaintiff")'s Motion to Enforce the Settlement Agreement allegedly reached between Plaintiff and Defendant Target Corporation ("Defendant" or "Target") and to Enforce a Judgment in the amount of $80,000 based either on Defendant's oral offer of said amount or on an Offer of Judgment filed by Defendant with this Court on October 20, 2011. [Docket Entry Nos. 20, 22]. The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiff's Motion to Enforce the Settlement and to Enter Judgment is denied.

## I. BACKGROUND

This action arose from an alleged slip-and-fall incident on April 26, 2008, when Plaintiff claims to have slipped and fell on soda while pushing a cart in a Target store located in Rockaway, New Jersey. (Pl. Mot. Enforce Settlement, Aff. of Christopher L. Musmanno ("Musmanno Aff."), ¶ 1). Plaintiff originally filed a Complaint alleging Defendant's negligence

before the Superior Court of New Jersey, Law Division, Morris County.  Defendant removed that action to this Court on March 2, 2010. [Docket Entry No. 1].  On October 11, 2011, Magistrate Judge Hammer held a Settlement Conference where Counsel for Defendant, Jeffrey L. O'Hara, expressed orally his client's willingness to settle the matter for $80,000. (Def. Opp'n, Sur Reply Aff. of Jeffrey L. O'Hara ("O'Hara Aff."), ¶ 2).  Plaintiff at that time was unwilling to accept less than $125,000, rejected Defendant's offer of $80,000, and the settlement discussions were concluded. (Id.).  After the settlement conference, Mr. O'Hara spoke with Plaintiff's Counsel again regarding Defendant's settlement offer, but Plaintiff's Counsel allegedly reiterated that Plaintiff was not willing to settle for less than $125,000. (Id., ¶ 3).

On October 20, 2011, Judge Hammer issued an Order Appointing Arbitrator Dennis Gleason, Esq., and set an arbitration date for November 22, 2011. [Docket Entry No. 19].  On the same date, Defendant filed and served on Plaintiff an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 for an amount of $80,000, inclusive of all attorneys' fees, allowing interest and accrued costs. (Pl. Mot. to Enforce Settlement, Ex. A; Docket Entry No. 20).  On November 22, 2011, a non-binding, mandatory arbitration was held. (Musmanno Aff., ¶ 4). On December 13, 2011, Arbitrator Gleason's Arbitration Award was entered, wherein he issued a "no cause" against Plaintiff and in favor of Defendant. (Musmanno Aff., ¶ 5; Def. Opp'n Br., at 1). On December 15, 2011, Plaintiff accepted in writing Defendant's $80,000 settlement offer as memorialized in its October 20, 2011 Offer of Judgment. (Musmanno Aff., ¶ 6; Def. Oppn Br., at 1).  On December 16, 2011, Defendant Target took the position that it would no longer settle the matter for $80,000 as that offer had expired, but rather would settle the matter for $65,000. (Musmanno Aff., ¶ 8; Def. Opp'n Br., at 2).  Plaintiff rejected the $65,000 offer on the same

date. (Musmanno Aff., ¶ 9; Def. Opp'n Br., at 2).  Plaintiff contended that, since the Offer of

Judgment for $80,000 was not withdrawn prior to the arbitration and was accepted in writing

subsequent to the arbitration, she was entitled to file the offer and notice of acceptance to the

Court for the clerk to enter judgment.  (Id.).  Plaintiff filed the instant motion seeking

enforcement of the $80,000 judgment as agreed to by Plaintiff on December 20, 2011. [Docket

Entry No. 22].


## II.  LEGAL STANDARD

Pursuant to Rule 68(a), at least 14 days before the date set for trial,

> a party defending against a claim may serve on an opposing party an offer to allow
> judgment on specified terms, with the costs then accrued.  If, within 14 days after being
> served, the opposing party serves written notice accepting the offer, either party may then
> file the offer and notice of acceptance, plus proof of service.  The clerk must then enter
> judgment.

Fed. R. Civ. P. 68(a).  A plaintiff's failure to accept an offer of judgment may have adverse

consequences since, "[i]f the judgment that the offeree finally obtains is not more favorable than

the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R.

Civ. P. 68(d).

Rule 68(a) is explicit and clear regarding the requirements of entry of judgment should

the opposing party *accept* the Offer of Judgment made within 14 days, but it is not clear

concerning what occurs if the opposing party is silent within and after the 14 days.  Rule 68(b)

clarifies how a Court should generally treat unaccepted offers:

> An unaccepted offer is considered withdrawn, but it does not preclude a later offer.
> Evidence of an unaccepted offer is not admissible except in a proceeding to determine
> costs.

Fed. R. Civ. P. 68(b). The relevant provision is silent on what constitutes an unaccepted offer,

leaving open to interpretation whether an offer is to be deemed "unaccepted" only if that offer is

explicitly rejected by the opposing party within the Rule's14-day period, or whether an offer may

be deemed "unaccepted" if the opposing party fails to respond over a period of time beyond the

Rule's 14 days. Further, the provision is not clear as to whether an offer is automatically deemed

unaccepted 14 days after service of the offer to the opposing party, or, if not, whether intervening

acts may result in rescission of an offer (for example, the issuance of a summary judgment order

or a binding arbitration award). However, courts have been clear that, in interpreting whether an

offer and acceptance are valid pursuant to Rule 68, principles of contract law govern. See, e.g.,

Mallory v. Eyrich, 922 F.2d 1273, 1279 (6th Cir. 1991); Radecki v. Amoco Oil Co., 858 F.2d

397, 400 (8th Cir. 1988)("To decide whether there has been a valid offer and acceptance for

purposes of Rule 68, courts apply the principles of contract law"); Johnson v. University College

of the Univ. of Alabama, 706 F.2d 1205, 1209 (11th Cir.), cert. denied, 464 U.S. 994 (1993);

Meridien Mortgage Corp. v. Spivak, 1992 U.S. Dist. LEXIS 11851, * 5 (E.D. Pa. Aug. 10, 1992).

For a valid offer and acceptance, there must be a "meeting of the minds" under general contract

principles. See, e.g., Radecki, 858 F.2d at 400; Whitaker v. Associated Credit Servs., Inc., 946

F.2d 1222, 1226 (6th Cir. 1991)("mutual manifestation of assent" was lacking when offer was

1,000 times larger than intended due to typographical error and plaintiff knew that sum was

"outrageous"); Johnson, 706 F.2d at 1209 ("there must be meeting of the minds"). The Parties

do not contest whether the offer was valid, but rather only whether Plaintiff's late acceptance of

the Offer of Judgment, over 14 days after service and after the issuance of an unfavorable

arbitration award in favor of Defendant, constituted a valid acceptance. Defendant's Offer of

4

Judgment was silent regarding a date certain on which it would expire, and Plaintiff at no point

sought an extension to avoid facing the consequences of being deemed to have rejected the offer

by not acting on it within the 14 days designated under Rule 68(a).

## III.  DISCUSSION

.      In her Motion to Enforce Settlement, Plaintiff argues that her acceptance of Defendant's

October 20, 2011 Offer of Judgment was valid for several reasons: (1) Defendant's oral offer of

$80,000 to settle the matter and Defendant's Offer of Judgment were not withdrawn; (2) Plaintiff

accepted the Offer of Judgment in writing on December 15, 2011; and (3) defense counsel, Mr.

O'Hara, accepted the settlement by stating in writing that he would be supplying "the Settlement

Agreement & Release for execution so it complies with Target requirements."  (Pl. Br., at 1; Ex.

C).  Regarding a valid acceptance under Rule 68, Plaintiff asserts that, since there are no New

Jersey federal court cases interpreting the amount of time that an opposing party has to accept an

offer, New Jersey law and the corresponding state court rule pertaining to Offers of Judgement

should be instructive.  Specifically, Plaintiff cites to New Jersey Court Rule 4:58-1(b), which

states as follows:

> If at any time on or prior to the 10th day before the actual trial date the offer is accepted,
> the offeree shall serve on the offeror and file a notice of acceptance with the court.  The
> making of a further offer shall constitute a withdrawal of all previous offers made by that
> party.  An offer shall not, however, be deemed withdrawn upon the making of a counter-
> offer by an adverse party but shall remain open until accepted or withdrawn as is herein
> provided.  If the offer is not accepted on or prior to the 10th day before the actual trial date
> or within 90 days of its service, whichever period first expires, it shall be deemed
> withdrawn and evidence thereof shall not be admissible except in a proceeding after the
> trial to fix costs, interest, and attorney's fee.  The fact that an offer is not accepted does
> not preclude a further offer within the time herein prescribed in the same or another
> amount or as specified therein.

N.J. Court Rules, R. 4:58-1(b).  Plaintiff also cites to New Jersey case law interpreting the New Jersey Offer of Judgment rule as it interfaces with arbitration rules.  In <u>Estate of Okhotnitskaya v. Lezameta</u>, for example, the Appellate Division held that, "once made, an offer of judgment constitutes an irrevocable offer to settle a case. . . . when an offeror seeks to set aside an offer of judgment or, as here, attempts to confirm an arbitration award at a time when the automatic expiration provisions have not been triggered, the offeror's actions cannot proceed as a matter of law." 400 N.J. Super. 340, 344-45 (App. Div. 2007).

Defendant contests both the factual assertions and legal arguments of Plaintiff.  First, Defendant argues that Mr. O'Hara did not accept the settlement in writing.  Mr. O'Hara cites the events as follows, which Plaintiff does not contest: (1) after the Arbitration Award was issued in favor of Defendant, Plaintiff's counsel wrote to Mr. O'Hara, "please advise if the $80,000 offer remains available" (O'Hara Aff., ¶ 9; Ex. A); (2) immediately thereafter, Mr. O'Hara responded to Plaintiff's counsel that he would speak with his client, Target, to confirm that the offer was still open, following up on the next day with Plaintiff's counsel that he had "sent the award along to Target and will come back to you on the 80k offer being reinstated once we receiver our marching orders" (<u>Id.</u>, ¶ 10-11; Ex. A); (3) in response, Plaintiff's counsel wrote to Mr. O'Hara stating that Plaintiff had accepted the October 20, 2011 Offer of Judgment (<u>Id.</u>, ¶ 12); and (4) Mr. O'Hara informed Plaintiff's counsel that the Offer of Judgment was no longer valid but that counsel would nevertheless speak with Target about a possible settlement (<u>Id.</u>. ¶ 13). Defendant's counsel states that it was in the context of those e-mail exchanges that he notified Plaintiff's counsel that he would supply the "Settlement Agreement & Release for execution so it complies with Target requirements," and that any agreement complying with Target's

requirements would have to comply with Target's offered settlement amount as made following the issuance of the Arbitration Award.

Regarding Rule 68, Defendant rejects the application of New Jersey state law to the interpretation of whether or not an acceptance is valid under the Rule since the Offer of Judgment Rule is one of procedure and not substantive law. Therefore, under <u>Erie Railroad Co. v. Tompkins</u>, federal procedural law applies rather than state procedural law. 304 U.S. 64, 78 (1938); <u>see also</u> <u>Chin v. Chrysler, LLC</u>, 538 F.3d 272, 278 (3d Cir. 2008). Defendant further argues that Target's Offer of Judgment was automatically withdrawn when Plaintiff failed to accept it within 14 days of service: "By the plain words of the Federal Rules of Civil Procedure, then, an Offer of Judgment must be accepted within fourteen (14) days of service and an offer that is not accepted in writing is considered withdrawn." (Def. Opp'n Br., at 3). Defendant cites to two federal court cases which declined to extend the requisite period under Rule 68(a) for acceptance of an offer, construing the Offer of Judgment as guaranteeing a short window for the opposing party to ponder the matter, "as though the plaintiff had paid for a 10-day option," but deeming the Offer of Judgment withdrawn after the requisite Rule 68(a) period.[1] <u>See</u> <u>Richardson v. Nat'l R.R. Passenger Corp.</u>, 49 F.3d 760, 765 (D.C. Cir. 1995); <u>Staffend v. Lake Central Airlines</u>, 47 F.R.D. 218 (N.D. Ohio 1960).

Since the Court concludes that an Offer of Judgment must be deemed withdrawn following 14 days of service of said offer on the opposing party, the Court need not make findings of fact regarding counsels' correspondence subsequent to the issuance of the Arbitration

---

[1]The original time period between which an opposing party, once served with an Offer of Judgment, could file a notice of acceptance, requiring the clerk to enter judgment, was 10 days. In 2009, that period was extended to 14 days to reflect the change in the Rule 6(a) method for computing periods less than 11 days.

Award.  While courts have disagreed on whether a court has the authority to extend the time for acceptance of an offer of judgment beyond the 14 days specified in Rule 68, this Court will not address that issue as Plaintiff had not requested such an extension. See, e.g., Coleman v. McLaren, 33 Fed. R. Serv. 2d 593, 595 (N.D. Ill.)(finding that the court may extend time to accept an Offer of Judgment pursuant to Fed. R. Civ. P. 6(b)); Staffend, 47 F.R.D. at 219-20)(finding that allowing an extension  of time to accept would defeat the intent of Rule 68). Finally, since the Court's analysis may narrowly focus on Rule 68 construction, it will follow other federal courts in interpreting the rule in accordance with the intent of the drafters and general contract principles regarding acceptance without assessing whether the conflicting time limits in the federal and New Jersey Offer of Judgment rules are outcome-determinative under Erie and its progeny.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5 (1985); see also, Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 n. 1 (1946), 28 U.S.C. App., p. 637.  The Rule "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Id.  Applying general contract principles to this case, it is clear that there was no meeting of the minds at the time Plaintiff submitted her acceptance of Defendant's Offer of Judgment 56 days after it was filed and one day after an Arbitration Award in Defendant's favor prompted Plaintiff's counsel to question Defendant's counsel concerning the continued availability of the $80,000 offer.[2]

---

[2]To the extent that Plaintiff argues that her acceptance was valid based on the fact that Defendant had not withdrawn the $80,000 oral offer made during the settlement discussions before Judge Hammer on October 11, 2011, the Court rejects that contention as Plaintiff rejected that offer during those discussions.  That rejection was the basis on which the litigation continued as the Parties had clearly not reached a meeting of the minds regarding the

Additionally, the Court finds that a consensus has emerged regarding the automatic withdrawal of an Offer of Judgment following the statutory 14-day period under Rule 68(a). <u>See, e.g.</u>, Charles Alan Wright, et al., 12 Fed. Prac. & Proc. § 2004 "Withhdrawal of Offer" ("Rule 68 gives the offeree ten days in which to accept the offer, and provides that if the offer is not accepted in that time it 'shall be deemed withdrawn.'"). A plain reading of the relevant provisions of Rule 68 in conjunction–Rule 68(a) and (b)–indicates that a deadline exists between service on an opposing party and their ability to guarantee an entry of judgment based on the terms of the Offer of Judgment: 14 days. Further, Rule 68(b), while not clear on what constitutes an "unaccepted offer," may be construed to limit the time frame of acceptance to the 14 days designated in Rule 68(a) since it explicitly leaves open the possibility to offerors to file additional Offers of Judgment on an opposing party: "[a]n unaccepted offer . . . does not preclude a later offer." <u>See</u> Fed. R. Civ. P. 68(b).

While some courts have found that an offer of judgment is irrevocable within the designated statutory period between service on the opposing party and a filing of a notice of acceptance under Rule 68, those offers were only deemed irrevocable within the limited 10-day (or 14-day, post-amendment) time frame. <u>See, e.g.</u>, <u>Butler v. Smithfield Foods</u>, 179 F.R.D. 173 (E.D.N.C. 1998)(holding that offers of judgment were irrevocable for the original ten-day period designated in Rule 68(a)). As noted above, courts have found that, for a court "to extend the ten-day period within which the Offer of Judgment must be accepted would undermine the purpose of Rule 68," which is, in part, "to protect the party who is willing to settle from the burden of costs which subsequently accrue. The provision of the rule which imposes costs upon a party

---

appropriate settlement amount.

who refuses an Offer of Judgment and who later recovers no more than the offer also puts teeth in the rule and makes it effective by encouraging acceptance.  If this court were to extend the period in which the plaintiffs may accept the defendants' Offer of Judgment, the usefulness of Rule 68 would be substantially destroyed." Staffend, 47 F.R.D. at 220.  Since the value of a lawsuit for settlement purposes changes dramatically throughout the discovery period and as a result of other externalities that are factored into settlement offer calculations, "[n]o sensible defendant would make an Offer of Judgment under Rule 68 if he knew the offer might be kept open for an indefinite period of time, even though the value of the litigation might change. . . . Rather, they would revert to informal methods of compromising litigation, since any offer they made under Rule 68 might be made binding for an indefinite period of time." Id.  Another reason for not viewing the Offer of Judgment as irrevocable beyond the 14-day period is that it would negate the sanction provided by Rule 68 regarding costs should the opposing party secure a judgment which does not exceed the offer: "Extending the . . . acceptance period would deprive the defendant of the advantage of using Rule 68, since the plaintiff could accept at a much later date, thus imposing the intervening costs on the defendant." Id.  The Court agrees that viewing the substance of an Offer of Judgment as binding for an indefinite period of time would defeat the intent of Rule 68.  The Court thus concludes that, unless an Offer of Judgment is accepted in accordance with Rule 68(a) within 14 days after service upon the opposing party, the offer will be deemed withdrawn with the resulting consequences specified in Rule 68(d).

10

The Court therefore deems the October 20, 2011 Offer of Judgment filed and served by Defendant as withdrawn as of November 3, 2011. Plaintiff's acceptance of said Offer cannot be valid as it was made after the Offer was withdrawn, 56 days after the Offer was filed and served on her.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Enforce Settlement and Enter Judgment is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: January 30, 2012

Jose L. Linares
United States District Judge

11